**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| SETH DOE, | |
| Plaintiff, | Civil Action No.: |
| v. | |
| REYES 1, INC. d/b/a Little Caesars Pizza, | 5:19-cv-00320-TES |
| Defendant. | |

## <u>MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM</u>

COMES NOW, Plaintiff Seth Doe (hereinafter, "Plaintiff"), by and through the undersigned counsel, and files his Motion, respectfully requesting that the Court grant him leave to proceed under a pseudonym, and showing the Court has follows:

1.

In this action, Plaintiff alleges that, while he was employed with Defendant, he was subjected to certain treatment due to his sex and gender identity, including the unauthorized disclosure of his gender identity and transgender status.

2.

As a result of Defendant's actions, including the unauthorized disclosure of his gender identity and transgender status, Plaintiff has become concerned for his safety while in public.

3.

In fact, individuals who are transgender or gender non-conforming experience violence and assault at far higher rates than the general public.

4.

Although Rule 10 of the Federal Rules of Civil Procedure generally requires that a complaint identify the plaintiff by name, courts, including the Eleventh Circuit, have recognized that certain cases justify allowing a plaintiff to proceed anonymously.  *Doe v. Stegall*, 653 F.2d 180 (11th Cir. 1981).

5.

The Northern District has found that district courts have discretion to allow plaintiffs to proceed anonymously. *Doe v. Barrow Cnty*, 219 F.R.D. 189 (N.D. Ga. 2003). In *Barrow County*, which challenged the display of the Ten Commandments on public property, the Court allowed the plaintiff to proceed anonymously because religion, the Court concluded, is an intensely private matter and plaintiff's unpopular stance might have subjected her to public intimidation. *Id.*

6.

In another instance, the Eleventh Circuit refused to allow a plaintiff who was concerned over disclosure of his alcoholism to proceed under a pseudonym, but recognized that there may be other circumstances that may justify a plaintiff proceeding anonymously:

> Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, *Doe v. Colautti*, 592 F.2d 704 (3d Cir. 1979); homosexuality, *Doe v. Commonwealth's Attorney for Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975), *aff'd*, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976); and transsexuality, *Doe v. McConn*, 489 F.Supp. 76 (S.D. Tex. 1980).  In these cases, the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings.

*Doe v. Frank*, 951 F.2d 320, 325 (11th Cir. 1992).

7.

Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission using his real name, and Defendant was notified and provided with the opportunity

to provide a position statement.  Therefore, Defendant is fully aware of the true identity of Plaintiff in this action.

8.

Plaintiff proposes that the Court grant his Motion without prejudice to the rights of interested parties to revisit the issue.  Therefore, after Defendant has been served, it may, if it feels necessary, move the Court to reconsider its Order, so Defendant is in no way prejudiced by the entry of this Order.

WHEREFORE, for the above and foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to proceed under the pseudonym "Plaintiff Seth Doe."

Respectfully submitted, this 12th day of August, 2019.

KENNETH E. BARTON III<br>
Georgia Bar No. 301171<br>
BRUCE D. DUBBERLY IV<br>
Georgia Bar No. 809675<br>
*Attorneys for Plaintiff*

Cooper, Barton & Cooper, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com
bdd@cooperbarton.com