# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **SETH DOE,**  *Plaintiff,*  v.  **REYES 1, INC. d/b/a LITTLE CAESARS PIZZA,**  *Defendant.* | **CIVIL ACTION NO. 5:19-cv-320-TES** |

### ORDER DENYING MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Before the Court is Plaintiff's Motion for Leave to Proceed Under a Pseudonym [Doc. 3]. For the following reasons, the Court **DENIES** Plaintiff's motion. Pursuant to Federal Rule of Civil Procedure 10(a), a plaintiff must "include the names of all of the parties" in the complaint. This rule is not merely about administrative convenience: "[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Moreover, "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Aug. 1981).[1]

---

[1] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Notwithstanding, a plaintiff may proceed anonymously under a pseudonym if "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (quoting *Stegall*, 653 F.2d at 186). Not just any plaintiff may proceed anonymously, because only the "exceptional case" is sufficient to overcome the aforementioned presumption. *Frank*, 951 F.2d at 323.

In *Stegall*, the court determined the circumstances in which a plaintiff may proceed anonymously and elicited three main factors, including: (1) plaintiffs challenging governmental activity, (2) plaintiffs required to disclose information of the utmost intimacy, and (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. 653 F.2d 185. These factors are not intended as a "rigid, three-step test." *Id.* Additionally, the presence of one factor is not meant to be dispositive, because the factors were highlighted as each deserving consideration. *Frank*, 951 F.2d at 323. Consequently, a judge "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*.

Only the second factor could plausibly apply to the Plaintiff's lawsuit. For the second factor, whether Plaintiff would be compelled to disclose information "of the utmost intimacy," the threat of hostile public reaction to the lawsuit by itself is rarely sufficient to warrant public anonymity. *See Stegall*, 653 F.2d at 186. Additionally, the fact

2

that Plaintiff "may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." *Frank*, 951 F.2d at 324. In conclusion, a "plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* at 324.

Here, Plaintiff alleges that "[a]s a result of Defendant's actions, including the unauthorized disclosure of his gender identity and transgender status, Plaintiff has become concerned for his safety while in public." [Doc. 3 at ¶ 2]. Plaintiff then proceeded to allege that "individuals who are transgender or gender non-conforming experience violence and assault at far higher rates than the general public." [*Id.* at ¶ 3]. While this may (or may not) be true on some global level or even in some particular region of our country, Plaintiff's counsel has introduced zero statistical evidence regarding violence and assault among trans or gender non-conforming individuals compared to that of the general public. Likewise, the Plaintiff offers nothing more than his bare speculation that he may be more likely to be assaulted if the public knew he was transgender. This is nothing more than speculation and certainly is not the type of particularized and specific evidence necessary to invoke the rarely-granted exception to the rule requiring the identities of all parties.

Plaintiff cites to *Doe v. Barrow County*, 219 F.R.D. 189 (N.D. Ga. 2003), where a

plaintiff was allowed to proceed anonymously in a case arising out of the display of the Ten Commandments on public property. [Doc. 3 at ¶ 4]. The court in *Barrow* reviewed an affidavit of a woman who stated she attended a meeting of the Barrow County Board of Commissioners and was interrupted, told to "shut up and sit down," and "[y]ou ain't welcome [here] no more." *Barrow*, 219 F.R.D. at 193. Further, the woman's affidavit alleged that she feared for her safety due to the hostility of the room, and she spoke with others after the meeting that said "they wanted to speak out in opposition of the display but were too afraid to." *Id*. Further, the court noted that at least one community member made attempts to threaten several judges of that court by leaving inappropriate and angry voicemails. *Id*. The court discussed how "religion is perhaps the quintessentially private matter" and held that a plaintiff should be allowed to proceed anonymously in a case against the government in these circumstances. *Id.* at 193–94. Those facts are a far cry away from Plaintiff's general claims of persons being concerned for their safety while in public due to their transgender status.

Accordingly, the Court finds that Plaintiff's case is not one of those rare, exceptional cases for the Court to allow a plaintiff to pursue a case anonymously. Thus, the Court **DENIES** Plaintiff's Motion for Leave to Proceed Under a Pseudonym.  The Plaintiff must either amend his complaint to disclose the true identity or dismiss it.

**SO ORDERED** this 19th day of August, 2019.

s/ Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT